**TOKIO MARINE & FIRE INSURANCE CO., LTD., Plaintiff,**

v.

**The GROVE MANUFACTURING COMPANY, A DIVISION OF WALTER E. KIDDIE CO., et al., Defendants.**

Civ. No. 89–1485 (JP).

United States District Court,
D. Puerto Rico.

April 6, 1991.

See also 762 F.Supp. 1016.

José L. Ubarri García, Benjamín Acosta Law Firm, San Juan, P.R., for plaintiff.

Héctor Cuebas Tañón, Vicente & Cuebas, Santurce, P.R., for Milton Andrews, Douglas Andrews, Arecibo Rigging and Toa Equipment Rental.

Rafael Fuster Martínez, Ponce, P.R., for American Intern. Ins. Co. of P.R.

Charles Cordero and Darío Rivera Carrasquillo, Cordero, Miranda & Pinto, San Juan, P.R., for Grove Mfg. Co. and Walter E. Kiddie Co.

Amancio Arias Guardiola, Hato Rey, P.R., for Shintron Co. and Travelers Ins.

Juan A. Ramos Díaz, Cobián & Ramos, San Juan, P.R., for Tamachi, Inc. and Diamond Vision, Inc.

## OPINION AND ORDER

PIERAS, District Judge.

This is a case where the plaintiff Tokio Marine and Fire Insurance Company, Ltd. alleged that the combined negligence of the defendants caused a large screen known by the name of "Diamond Vision Ocean One", to be destroyed during its installation at the Plaza Las Americas Mall in Puerto Rico. Defendant Grove Manufacturing Company was the company which manufactured the crane that was utilized in the installation of the screen. Defendant Shintron Company supplied a number of employees to aid in the electronic connections necessary for the screen's installation. The case proceeded to trial on March 14, 1991. On March 19, 1991, the defendants moved for a directed verdict. The following is a written record of this Court's oral ruling of March 20, 1991.

## I. DIRECTED VERDICT STANDARD OF REVIEW

 Before ruling on the Motion for Directed Verdict pursuant to Federal Rule of Civil Procedure 50, I note from the outset that the standard of review is based upon the weight and sufficiency of the evidence. The Court must evaluate whether the evidence is sufficient to create an issue of fact for the jury. The evidence must permit thoughtful fact finders to reach but one reasoned conclusion. *Wagenmann v. Adams*, 829 F.2d 196, 200 (1st Cir.1987). The act of evaluating the evidence does not permit the Court to weigh the evidence or pass on the credibility of witnesses. Furthermore, the evidence must be examined and the inferences reasonably extracted therefrom, in the light most hospitable to the nonmovant. Yet, a "mere scintilla" of evidence is not enough to forestall a directed verdict. *Fashion House, Inc. v. K Mart Corp.*, 892 F.2d 1076 (1st Cir.1989); *Desfosses v. Wallace Energy*, 836 F.2d 22 (1st Cir.1987). This use by the First Circuit of the "scintilla of evidence" standard was reaffirmed by the United States Supreme Court in *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In addition *Anderson* held that a judge must consider substantive evidentiary standards that apply to the case, in determining whether the plaintiff has produced sufficient evidence to warrant submission of the issue to the jury.

## II. EVALUATION OF THE EVIDENCE

 There are two legal theories of liability available in this case under Puerto Rico law, strict liability and negligence. Under both theories "proximate cause" is essential to the plaintiff's case. In other words, a directed verdict can only be granted if the plaintiff has failed to produce

sufficient evidence that the alleged crane manufacturing defects were the proximate cause of the plaintiff's damages under the strict liability theory; or if they fail to produce sufficient evidence that defendant Shintron's alleged negligence was the proximate cause of the plaintiff's damages. Under either legal theory, the plaintiff has failed to produce sufficient evidence to warrant submission of the case to the jury.

Pursuant to Puerto Rico law, proximate cause requires a finding that in the ordinary and normal course of events, the claimed crane defect would be expected to result in the accident. There was an abundance of evidence presented which shows, that the Grove Manufacturing Company crane was not defective. Plaintiff's witness Douglas Andrews of the Milton Andrews Crane Company testified that in his role as crane inspector he certified that the 45 ton crane at issue in this case was in full compliance with the OSHA (Occupational Safety and Health Administration) safety requirements. (Plaintiff's Exhibit 13). He further testified that the crane had a number of safety warning stickers inside of the crane cabin, and that he would never send out a crane unless it was in a safe operating condition. In addition, the crane operator Frank Sánchez had operated this 45 ton crane many times before without a problem and understood how to use the load chart. With the use of a load chart, a responsible crane operator would not need to rely upon the crane attachment of the "load moment indicator". In fact, there was no federal rule or OSHA regulation which mandated that a "load moment indicator" be attached to the type of hydraulic crane used in this case, at the time of its manufacture in 1972.

Merely because the "load moment indicator" was available at the time of the crane's manufacture does not under a theory of strict liability, indicate that Grove Manufacturing was negligent for not offering the attachment with the crane at that time. Plaintiff's Exhibit 19 shows that the "load moment indicator" replaces the need for crane operator calculations and additional attachments on the hook or rope. The opportunity for replacing operator calculations with the crane attachment does not in of itself prove that the continued use of crane operator calculations was an unsafe enterprise. There was no expert testimony offered to that effect. Thus it is clear that the plaintiff has failed to present sufficient evidence that the crane was defective without the "load moment indicator", and a directed verdict must be entered in favor of Grove Manufacturing Company.

■ As regards the defendant Shintron and its insurance company Traveler's Insurance Company, there was also an abundance of evidence that the Shintron employees Mr. Winters and Mr. Reynolds were present for the screen installation operation for the purpose of making the electronic connections and not for the physical task of hoisting the screen parts in the assembly process. The plaintiff's witness, Rafael Fernández, former Tamachi marketing director, testified that the Shintron employees Winters and Reynolds had been engaged by the Diamond Vision company to install the electronic components of the equipment and to teach and train personnel in how to operate the equipment. They were experts in electronics, not in cranes or the operation of cranes. That is precisely why Tamachi/Mitsubishi contracted the Milton Andrews Company (the crane owners and operators) to perform the work of placing the two screens on the base van and one on top of the other. Said crane owners and operators made decisions and were in charge of deciding the capacity of the crane and the kind of crane needed. As a matter of fact, plaintiff's witness Rafael Rosado Ortiz, the crane operator's helper, testified that before they started to place the screen portions one on top of the other, they decided that the crane which they were originally to use did not have the capacity for the job, and the weight it had to hoist was too heavy. They then decided to use a heavier crane with a greater capacity. These operators were in charge of determining the capability and capacity of the crane in view of the job to be performed, and they were responsible for their acts as operators. They miscalculated the

capability and capacity of the crane required for the job. As a consequence of such miscalculation the crane tilted, tumbled over and the accident ensued. Thus the Shintron employees Winters and Reynolds were simply connecting the electronic equipment and ensuring that the top part of the screen would not crush the electronic cables which were hanging. The signal made by the Shintron employee to the crane operator not to crush the loose electronic cable between the two screen parts, was made pursuant to his duty of installing the electronic equipment inside the screen and connecting it. Such a signal cannot be deemed evidence of Shintron's supervisory role over the stacking operation of the crane operator, when at all times the crane operator was in charge of operating the crane and determining its capacity to do the job. The evidence is uniform to that effect. Rafael Rosado Ortiz testified that the only time the Shintron employees used hand signals with the crane operator was when they spotted the loose electronic cables. Unsupported and general blanket statements in Court by crane company personnel Douglas Andrews and Rafael Rosado Ortiz, that the Shintron employees were in charge of supervising them, is merely a scintilla of evidence which cannot avert a directed verdict in this jurisdiction. Thus, the plaintiff has not provided sufficient evidence that Shintron and its insurance company Traveler's Insurance Company were negligently liable, and a directed verdict must be entered in favor of the defendants.

■■■ As to the issue of damages, a directed verdict in favor of all the defendants is also in order. Black's Law Dictionary provides that under the equitable doctrine of subrogation "insurance companies generally have the right to step into the shoes of the party whom they compensate and sue any party whom the compensated party could have sued." *Black's Law Dictionary* at 1279 (5th ed. 1979). The general rule in federal courts is that if the insurer has paid the entire claim, it has indemnified its insured and at that time becomes the real party in interest under Federal Rule of Civil Procedure 17(a). Thus the insurance company succeeds to whatever rights the insured has against third parties who allegedly caused the damage. 6A C. Wright & A. Miller & M. Kane *Federal Practice and Procedure* § 1546 at 355 (1990). As an insurance company is subrogated to the extent of the payment, the payment in of itself is not proof of damages but merely a cap on what the company is allowed to prove to the jury. The Puerto Rico Insurance Code and related statutes do not accord an insurance company the right to forego the actual proof of damages, by merely presenting the payment amount which was provided for its insured. The Fifth Circuit which like Puerto Rico is a civil code jurisdiction, has specifically stated in *Volkswagen of America v. Robertson*, 713 F.2d 1151, 1165 (1983) (citation omitted), that "the mere fact that an insurance company sees fit, in adjusting a loss with its assured, to agree with him on an arbitrary amount, not based on actual proof, does not render the party responsible for the loss liable for that amount, or, in fact, for any amount not actually prove[d]."

In this case, the plaintiff failed to provide sufficient evidence concerning the damages suffered. Its witness Riozo Kobayashi, the Tokio Marine claims adjuster, only testified as to the parts of the screen he himself could tell were damaged from a visual inspection. Yet there was no testimony as to the estimated actual cost of repair of those parts the witness could tell were damaged. Mr. Kobayashi was not even the person who actually tested selected portions of the damaged screen. Thus "the jury [would be] left entirely to guesswork in a decisional endeavor" *Hendricks & Associates v. Daewoo Corporation*, 923 F.2d 209 (1st Cir.1991), and this is something which the Court cannot permit. The plaintiff's failure to provide any guidance for the jury on the issue of damages, lends greater support to this Court's decision to grant a directed verdict in favor of the defendants.

Wherefore, in view of the foregoing the Court concludes that there is substantial evidence that would permit thoughtful fact finders to reach but one reasoned conclusion, that the alleged crane defect was not

the proximate cause of the accident, and that defendant Shintron's alleged negligence was not a proximate cause of the accident. The defendants' Grove Manufacturing, Shintron, and Traveler's Insurance Company Motions for Directed Verdict are hereby GRANTED.

IT IS SO ORDERED.

See also 762 F.Supp. 1012.